UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. APODACA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DEPUTY BRYAN WEIMER;<br>IMPERIAL COUNTY SHERIFF'S<br>DEPT.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:21-cv-01402-RBM-LR<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO DISMISS**<br><br><br><br>**[Doc. 9]** |

On March 2, 2022, Defendants Bryan Weimer ("Defendant Weimer") and Imperial County Sheriff's Office (collectively, the "Defendants") filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion"). (Doc. 9.) Plaintiff Mark A. Apodaca ("Plaintiff") filed an opposition on March 7, 2022. (Doc. 11.) Defendants filed a reply on April 8, 2022. (Doc. 12.) For the reasons discussed below, Defendants' Motion is **<u>GRANTED</u>**.

### I.　　BACKGROUND

Plaintiff filed his initial complaint against Defendants on August 4, 2021 ("Original Complaint"). (Doc. 1.) Plaintiff alleges that on November 18, 2015, he was at his mother's house and heard loud knocking on the front door. (*Id.* at 2.) Plaintiff exited the house, and

Defendant Weimer asked whether Plaintiff was Marc Apodaca. (*Id.*) Plaintiff states that Defendant Weimer "told [Plaintiff] he was [] there to issue Plaintiff a protective order." (*Id.*) Defendant Weimer then placed Plaintiff under arrest and took him to the county jail. (*Id.*) Plaintiff's prayer for relief requests $25,000 for "damages caused by Defendant Weimer and [h]is [d]epartment" and this amount "is for $1,000 for every day [Plaintiff] spent in [j]ail . . . plus [Plaintiff's] attorney's fees totaling $3,500." (*Id.* at 3.)

Also on August 4, 2021, Plaintiff filed a Motion to Proceed In Forma Pauperis (Doc. 2) and a Motion to Appoint Counsel (Doc. 3). On January 5, 2022, the Court issued an order (1) granting Plaintiff's Motion to Proceed In Forma Pauperis, and (2) dismissing Plaintiff's complaint without prejudice for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C § 1915(e)(2)(B)(ii). (Doc. 4.) In light of this ruling, Plaintiff's Motion to Appoint Counsel was also denied. (*Id.* at 3.) The Court's January 5, 2022 order states that "[a]lthough Plaintiff sets out the facts of this encounter, the nature of his legal claims is unclear. Absent clarification on those issues, Plaintiff's Complaint is subject to dismissal for failure to state a claim." (*Id.* at 2.) Plaintiff was granted leave to file an amended complaint curing the pleading deficiencies. (*Id.* at 3.) Plaintiff filed an amended complaint on January 18, 2022 ("Amended Complaint"). (Doc. 5.) Defendants subsequently filed the instant Motion on March 2, 2022. (Doc. 9.)

In the Motion, Defendants argue Plaintiff's Amended Complaint "fails to state a claim for which relief can be granted and is time barred by the applicable statute of limitations." (Doc. 9–1 at 5.)

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), an action may be dismissed for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Moreover, when an action is filed by a pro se litigant, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). However, in giving liberal interpretation to a pro se complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

### III.   DISCUSSION

A.   <u>Failure to State a Claim</u>

Defendants allege that while they "still do not have fair notice as to what Plaintiff is pleading, he has still failed to state a claim for which relief could be granted on any possible cause of action which could be inferred from his Amended Complaint." (Doc. 9–1 at 9.) The only statement in Plaintiff's Amended Complaint which could be construed as a cause of action is that "[Defendant Weimer] than [sic] took me away to the County Jail to book me, without any strong evidence that I committed any type of crime." (Doc. 9–1 at 7 (quoting Doc. 5 at 2).) Defendants admit that "Courts are inclined to construe complaints filed by pro per litigants liberally," however, the Court may still dismiss a pro per complaint "if it appears the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Doc. 9–1 at 9 (citing *Wilhem v. Rotman*, 680 F.3d 1113, 1121 (9th

Cir. 2012).)  Defendants argue that "[h]ere, there are no set of facts which could lead to relief for Plaintiff."  (Doc. 9–1 at 9.)  Moreover, "in Plaintiff's request for relief, he asks for damages including $1,000 a day for every day he was in jail as well as $3,500 for attorney's fees but gives no basis as to how he calculated this demand."  (*Id.* at 8.)

### i.  First Amendment

In examining potential claims, Defendants explain that Plaintiff "asserts that he is bringing this claim under the 1st Amendment, but Defendants are unsure how an alleged false arrest could lead to a violation of the 1st Amendment."  (*Id.* at 8.)  Plaintiff does not allege any violation of the freedom of religion, speech, press, or assembly.  (Doc. 9–1 at 8; *see* Doc. 5.)  The Court notes that Plaintiff's Original Complaint and Amended Complaint are nearly identical.  (*See* Docs. 1, 5.)  The Amended Complaint includes "1st Amendment" in the caption, but there is no further mention of the claim.  (*See* Doc. 5.)  Therefore, the Amended Complaint is insufficient to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Thus, the Court finds Plaintiff fails to state a claim as to a violation of the First Amendment.

### ii.  False Imprisonment

Moreover, "Plaintiff goes on to mention that his reputation was damaged in violation of Cal. Penal Code section 236 for false imprisonment."  (Doc. 9–1 at 8 (citing Doc. 5 at 3).)  False imprisonment is defined as "the unlawful violation of the personal liberty of another."  CAL. PENAL CODE § 236 (West).  Similarly, "the tort of false imprisonment consists of the non-consensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time."  (Doc. 9–1 at 8 (citing *Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 715 (1994).)  However, Defendants argue "there is no civil liability, and no cause of action will arise against a police officer for false arrest or false imprisonment out of any arrest which was lawful or if the police officer had reasonable cause to believe the arrest was lawful."  (Doc. 9–1 at 8 (citing CAL. PENAL CODE § 847(b)(1)).)  "A police officer also has probable cause for a warrantless arrest if, given the facts known to him, would lead to a person of ordinary care to believe, and have strong suspicion, that the

4

person is guilty of a crime." (Doc. 9–1 at 8 (citing *Blankenhorn v. City of Orange*, 485 F.3d 463, 472 (9th Cir. 2007).)

The Amended Complaint does not include sufficient information for the Court to conclude the arrest was unlawful, or that Plaintiff was subject to false imprisonment. (*See* Doc. 5; *see also Ashcroft*, 556 U.S. at 678 ("[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").) Thus, Plaintiff's Amended Complaint is insufficient to allege a cause of action for false imprisonment.

### iii. Falsely Accused

Plaintiff's opposition alleges for the first time that he was "falsely accused on a police report by a 3rd party person who was not a witness to any crime what so ever. The 3rd party person forced [Plaintiff's] mother into making false statements under a [s]tressful situation she did not ask for." (Doc. 11 at 1.) Moreover, Plaintiff alleges Defendant Weimer "used his position to [f]righten in [sic] elderly person into making statements that were not possible for [Plaintiff] to comit [sic], without good credible evidence." (*Id.*) Again, Plaintiff's claims are not supported by any legal authority, and Plaintiff does not sufficiently state a cause of action. *See Twombly*, 550 U.S. at 570. In any event, when "determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998).

Even accepting the factual allegations in the complaint as true and construing the pleadings in the light most favorable to the nonmoving party, the Court finds Plaintiff has failed to allege sufficient facts to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570; *Manzarek*, 519 F.3d at 1031.

### B.   Statute of Limitations

Lastly, Defendants allege that "[w]hile it is unclear what Plaintiff is pleading in his Amended Complaint, any cause of action he could bring would be barred by the applicable

5

statute of limitations as his alleged 'injury' occurred on November 18, 2015." (Doc. 9–1 at 9 (citing Doc. 1 at 7).) Plaintiff's Original Complaint was filed on August 4, 2021, almost six years after the alleged injury. (Doc. 9–1 at 9–10; *see* Doc. 1.) Defendants argue that "[w]hile not pled as such, it appears that Plaintiff is attempting to file this action as a civil action against a state actor under 42 § U.S.C. § 1983. In a section 1983 claim, federal courts will look to state law to determine the applicable statute of limitations." (Doc. 9–1 at 9 (citing *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007).) "For a personal injury matter, California has a two-year statute of limitations . . . California courts will use this two-year statute of limitations for section 1983 claims as they are essentially tort claims." (Doc. 9–1 at 9 (citing Cal. Code Civ. Proc. § 335.1).) Since Plaintiff filed his Original Complaint almost six years after the alleged injury on November 18, 2015, and his Amended Complaint over six years after the alleged injury, his claims would be barred by the statute of limitations under either complaint. (Doc. 9–1 at 9–10.)

Defendants' argument regarding the statute of limitations is well taken. (*See* Doc. 9 at 9–10.) However, the Court is not inclined to find Plaintiff's claims are time barred given that the specific nature of the legal claims is unclear.

C. Leave to Amend

Courts will usually allow a pro se plaintiff to amend their complaint in order to attempt to address the pleading deficiencies. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("[a] district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)). "The party opposing leave to amend bears the burden of showing prejudice, futility, or one of the other permissible reasons for denying a motion to amend." *Pizana v. SanMedica Int'l LLC*, No. 118CV00644DADSKO, 2022 WL 1241098, at *9 (E.D. Cal. Apr. 27, 2022) (quoting *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1041 (E.D. Cal. 2010); *Cervantes v. Zimmerman*, No. 17-CV-1230-BAS-NLS, 2019 WL 1129154, at *13 (S.D. Cal. Mar. 12, 2019)).

Defendants' only argument as to futility is that, in light of the statute of limitations, "[a]mending the Complaint further would be futile because this would not change the fact of when he first filed his claim." (Doc. 9–1 at 10.)  In light of the Court's ruling *supra*, the Court declines to label Plaintiff's claims as futile at this time and grants Plaintiff leave to amend his complaint.

## IV.   CONCLUSION

Based on the foregoing, the Court:

1. **GRANTS** Defendants' Motion.  (Doc. 9.)

2. **DISMISSES** Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted.

3. **GRANTS** Plaintiff thirty (30) days leave from the date of this Order in which to file an amended complaint which cures all the deficiencies of pleading noted.  Plaintiff is specifically advised that his amended pleading must specifically detail the alleged conduct and how such conduct violates federal or state law.  Conclusory allegations unsupported by specific allegations of fact are insufficient to properly comply with the Federal Rules of Civil Procedure.

**If Plaintiff fails to file an amended complaint within the time provided, the Court will enter a final order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted and his failure to prosecute in compliance with a court order requiring amendment**.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("[i]f a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action").

**IT IS SO ORDERED.**

DATE:  December 7, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE