UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. APODACA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DEPUTY BRYAN WEIMER;<br>IMPERIAL COUNTY SHERIFF'S DEPT.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:21-cv-01402-RBM-LR<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**[Doc. 18]** |

On January 12, 2023, Defendants Bryan Weimer ("Defendant Weimer") and Imperial County Sheriff's Office (collectively, "Defendants") filed a Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion"). (Doc. 18.) Plaintiff Mark A. Apodaca ("Plaintiff") did not file an opposition. For the reasons discussed below, Defendants' Motion is **<u>GRANTED</u>**.

## I.　BACKGROUND

Plaintiff filed an initial complaint against Defendants on August 4, 2021. (Doc. 1.) Also on August 4, 2021, Plaintiff filed a Motion to Proceed In Forma Pauperis (Doc. 2) and a Motion to Appoint Counsel (Doc. 3). On January 5, 2022, the Court issued an order (1) granting Plaintiff's Motion to Proceed In Forma Pauperis, and (2) dismissing Plaintiff's

complaint without prejudice for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C § 1915(e)(2)(B)(ii).  (Doc. 4.)  In light of this ruling, Plaintiff's Motion to Appoint Counsel was also denied.  (*Id.* at 3.)  Plaintiff filed an amended complaint on January 18, 2022 ("First Amended Complaint") (Doc. 5), and Defendants subsequently filed a Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 9).  On December 7, 20022, the Court issued an order granting Defendants' Motion to Dismiss Plaintiff's First Amended Complaint and granting Plaintiff thirty (30) days leave in which to file a second amended complaint, if any.  (Doc. 16.)

On December 28, 2022, Plaintiff filed a motion titled "Amen[d] O[r]de[r], NOT To Dismiss Case, an Opposition, To Defendan[t]s" ("Second Amended Complaint"), which the Court construes liberally as Plaintiff's Second Amended Complaint.  (Doc. 17); *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (when an action is filed by a pro se litigant, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt").  Defendants subsequently filed the instant Motion on January 12, 2023.  (Doc. 18.)  In the Motion, Defendants argue Plaintiff's Second Amended Complaint restates the facts asserted in his prior complaints and "does not give Defendants a fair opportunity to respond as there are no causes of action to respond to." (Doc. 18–1 at 4.)  Thus, Defendants request the Court grant the instant Motion and dismiss Plaintiff's Second Amended Complaint without leave to amend.  (*Id.*)

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), an action may be dismissed for failure to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the

Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Moreover, "pro se pleadings must be construed liberally." *Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016); *see also Ross v. Williams*, 950 F.3d 1160, 1173 (9th Cir. 2020). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). However, in giving liberal interpretation to a pro se complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

### III.   DISCUSSION

A.   <u>Failure to State a Claim</u>

Defendants contend that "Plaintiff's Second Amended Complaint does not allege any claim upon which relief can be granted." (Doc. 18–1 at 5.) The Second Amended Complaint "again describes the same incident in which [Plaintiff] claims Deputy Weimer forced [Plaintiff's] elderly mother into making statements against [Plaintiff] but fails to state any specific cause of action or constitutional right which could apply in this situation." (*Id.*) Defendants argue this does not sufficiently detail Plaintiff's alleged claims or provide Defendants fair notice of the alleged claims being brought against them. (*Id.* at 5–6.) Moreover, the Civil Cover Sheet attached to the Second Amended Complaint lists "[f]alse arrest due to [f]alse [r]epor[t]" as the brief description of the cause of action. (*Id.* at 6; *see* Doc. 17 at 5.) However, "[d]espite this and the three-sentence statement of facts, Defendants have no way of ascertaining what cause of action Plaintiff is asserting or how it applies to his situation." (Doc. 18–1 at 6.) Therefore, Defendants request the Court grant

1  their Motion and dismiss Plaintiff's Second Amended Complaint without leave to amend.
2  (*Id.* at 4.)

3      In reviewing the briefing, the Court finds the allegations in Plaintiff's Second
4  Amended Complaint insufficient to state a claim.  *See Twombly*, 550 U.S. at 570.
5  Plaintiff's Second Amended Complaint includes a brief statement of facts, consisting of
6  three sentences, which vaguely describe Defendant Weimer receiving false information
7  from a "third party person" who "desire[d] to get [Plaintiff] arrested." (Doc. 17 at 2.)
8  Plaintiff also alleges Defendant Weimer "used his Sheriff's uniform to create a fear into
9  [Plaintiff's] mother[']s mind, causing [Plaintiff's] elder[ly] mother into making statements
10 that were inaccurate." (*Id.*)  Plaintiff explains that these events caused "a rush into
11 [j]udgment without true probable cause." (*Id.*)  To the extent Plaintiff seeks to raise a claim
12 for false imprisonment, the Court previously advised Plaintiff that his First Amended
13 Complaint "[did] not include sufficient information for the Court to conclude the arrest was
14 unlawful, or that Plaintiff was subject to false imprisonment." (Doc. 16 at 5.)  Plaintiff's
15 Second Amended Complaint fails to cure the noted deficiencies.

16     Federal Rule of Civil Procedure 8 provides that "[a] pleading that states a claim for
17 relief must contain . . . a short and plain statement of the claim showing that the pleader is
18 entitled to relief . . . ." FED. R. CIV. P. 8.  This provides the defendant "fair notice of what
19 the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S.
20 41, 47 (1957).  Based on the contentions in Plaintiff's Second Amended Complaint, the
21 Court cannot pinpoint any specific causes of action or the violation of any constitutional
22 right.  *See Plante v. United States*, No. 13-CV-310-IEG KSC, 2013 WL 1882304, at *1
23 (S.D. Cal. May 2, 2013) ("[e]ven as to *pro se* complaints, 'unadorned, the-defendant-
24 unlawfully-harmed-me accusation' will not suffice"); *see also Iqbal*, 556 U.S. at 678
25 (quoting *Twombly*, 550 U.S. at 555) ("[a] pleading that offers 'labels and conclusions' or
26 'a formulaic recitation of the elements of a cause of action will not do'").  Thus, the Court
27 finds Plaintiff's allegations insufficient to "state a claim to relief that is plausible on its
28 face." *See Twombly*, 550 U.S. at 570.

B. <u>Leave to Amend</u>

Courts will usually allow a pro se plaintiff to amend their complaint in order to attempt to address the pleading deficiencies. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("[a] district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).  When a plaintiff is pro se, "the court is particularly liberal in construing the complaint in his favor." *Moore v. United States*, 193 F.R.D. 647, 651 (N.D. Cal. 2000) (citing *Glendora v. Cablevision Systems, Corp.*, 45 F.3d 36, 37 (2nd Cir.1995)).  However, "a court may dismiss a pro se litigant's complaint without leave to amend if it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief and this defect cannot be cured by amendment." *Moore*, 193 F.R.D. at 651.  When determining whether to grant leave to amend, courts generally consider five factors, known as the *Foman* factors as stated by the Supreme Court in *Foman v. Davis*, 371 U.S. 178, 182 (1962).  These factors include: (1) undue delay; (2) bad faith on the part of the party seeking leave to amend; (3) undue prejudice to the non-moving party; (4) futility of amendment; and (5) whether the plaintiff has previously amended the complaint. *Id*.

The Court previously advised Plaintiff as to the deficiencies in the First Amended Complaint and granted leave to amend the complaint in its December 7, 2022 order. (*See* Doc. 16.)  Now, in reviewing Plaintiff's Second Amended Complaint, the Court finds Plaintiff has not remedied the pleading deficiencies noted.  (*See id.*; *see also* Doc. 17.)  Plaintiff has failed to plead any factual content which would allow the Court to draw the reasonable inference that Defendants may be held liable for any wrongful conduct. *See Iqbal*, 556 U.S. at 678.  In reviewing the *Foman* factors, the Court notes the first three factors are do not weigh strongly in favor of either party.  However, the Court does find that any amendment would be futile. *See Yentz v. Nat'l Credit Adjusters, LLC*, No. 3:20-CV-01364-AC, 2021 WL 1277961, at *2 (D. Or. Feb. 15, 2021), *report and recommendation adopted*, (D. Or. Apr. 6, 2021) ("[a] proposed amendment is futile if the

plaintiff could not allege a set of facts that would constitute a claim or defense"). Additionally, in examining the final factor, the Court notes this is Plaintiff's third attempt to state a claim for relief, and Plaintiff has had sufficient opportunity to amend the deficiencies. (*See* Docs. 1, 5, 17.)

Therefore, the Court dismisses Plaintiff's Second Amended Complaint without leave to amend. *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002) ("[b]ecause any amendment would be futile, there was no need to prolong the litigation by permitting further amendment"); *Doe v. Fed. Dist. Ct.*, 467 F. App'x 725, 728 (9th Cir. 2012) (finding the district court acted within its discretion in dismissing pro se plaintiff's complaint with prejudice and without leave to amend when "the district court had good reason to believe that further amendments would be futile and prejudice the defendants").

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' Motion (Doc. 18) and **DISMISSES WITH PREJUDICE** Plaintiff's Second Amended Complaint for failure to state a claim upon which relief may be granted **WITHOUT LEAVE TO AMEND**.

IT IS SO ORDERED.

DATE:  March 21, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE